FARMERS INSURANCE EXCHANGE
and Mid–Century Insurance
Company, Petitioners,

v.

Tracy A. STEVER, Respondent.

No. 92SC218.

Supreme Court of Colorado,
En Banc.

June 7, 1993.

As Modified on Denial of Rehearing
July 6, 1993.

Hall & Evans, Eugene O. Daniels, Malcolm M. Mead, Denver, for petitioners.

Breit, Best, Richman and Bosch, P.C., Bradley A. Levin, John L. Breit, Denver, for respondent.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Kidneigh & Kaufman, P.C., Stephen C. Kaufman, Denver, for amicus curiae Colorado Trial Lawyers Assn.

Justice VOLLACK delivered the Opinion of the Court.

Petitioners, Farmers Insurance Exchange and Mid–Century Insurance Company (collectively referred to as "Farmers"), petition from the court of appeals opinion in *Stever v. Farmers Insurance Exchange*, No. 90CA2035 (Colo.App. Feb. 27, 1992), a decision not selected for publication. The court of appeals ruled that anti-stacking provisions contained in motor vehicle insurance policies providing underinsured motorist coverage were void as against public policy. We disagree, reverse the decision of the court of appeals, and remand for consideration of unresolved issues.

I.

Tracy Stever (Stever) was insured under three policies of automobile insurance issued by Farmers. Stever was the named insured in a policy of automobile insurance issued by Farmers which provided uninsured/underinsured motorist protection in the amount of $100,000 per person/$300,000 per accident. In addition, Stever was also insured under two automobile insurance policies issued by Farmers to Stever's mother and step-father, which each provided uninsured/underinsured motorist protection in the amount of either $25,000 per person/$50,000 per occurrence, or $100,000 per person/$300,000 per accident.[1]

On August 19, 1984, Stever was severely injured in a one-car automobile accident while riding as a passenger in an automobile driven by Mary Louise Light (Light). Light was insured under a policy of automobile insurance issued by Safeco Insurance Company (Safeco) to Light's father. The Safeco policy provided protection from liability for bodily injury suffered in an

---

1. The parties dispute the amounts of uninsured motorist protection provided by the policies is- sued to Stever's parents.

automobile accident in the amount of $50,000 per occurrence. Stever received $32,000 from Safeco as settlement for Stever's liability claims against Light.[2]

Farmers agreed to pay Stever $68,000, which represented the difference between the maximum limit of uninsured/underinsured coverage available under any of the three Farmers policies ($100,000) and the $32,000 settlement with Safeco. Stever, however, contended that she was entitled to $100,000 in uninsured motorist protection under each of the three policies. In an effort to resolve this dispute, Stever and Farmers entered into a partial settlement and release in which Farmers paid the $68,000 to Stever on February 12, 1986, and agreed to pay an additional $20,000 on February 1, 1991, and $50,000 on February 1, 1996, in exchange for a release of Farmers in the amount of $100,000 under the underinsured motorist provisions of the three Farmers policies. Stever retained her right to initiate a declaratory judgment action under the partial settlement and release, and subsequently initiated such an action.

On March 1, 1990, Stever filed a motion for partial summary judgment claiming that, as a matter of law, she was entitled to receive $300,000 by stacking the full amount of underinsured motorist benefits available under each of the three policies issued by Farmers.

The district court disagreed and found that each of the policies contain identical "other insurance in the company" and "other insurance" provisions which unambiguously prohibit stacking of underinsured motorist coverages.[3] Further, the district court found that such anti-stacking provisions do not violate public policy.

Relying on *Thompson v. Shelter Mutual Insurance Co.*, 835 P.2d 518 (Colo.App. 1991), the court of appeals reversed the decision of the district court. The court of appeals held that "the anti-stacking policy language which attempts to limit underinsured motorist benefits to an insured who is covered by two or more such policies is 'adverse to the law and [public] policy of this state and is void and unenforceable.'" *Stever*, No. 90CA2035, slip op. at 1 (quoting *Thompson*, 835 P.2d at 524).

## II.

In *Shelter Mutual Insurance Co. v. Thompson*, 852 P.2d 459 (Colo.1993), we reversed the court of appeals holding that anti-stacking provisions were void in violation of public policy. We held in *Thompson* that anti-stacking provisions contained in underinsured motorist insurance policies do not violate the public policy underlying section 10–4–609, 4A C.R.S. (1983 & 1987), and are permissible. Accordingly, in the present case, we conclude that the anti-stacking provisions contained in the Farmers policies are valid, and that Stever is not entitled to stack the underinsured motorist benefits of the three separate policies. The

---

2. This payment was made by Safeco to Farmers in accordance with Farmers' subrogation rights.

3. Each of the policies provided as follows:
 OTHER INSURANCE IN THE COMPANY
 With respect to any occurrence, accident or loss to which this and any other insurance policy or policies issued to the insured by the Company also apply, no payment shall be made hereunder which, when added to any amount paid or payable under such other insurance policy or policies, would result in a total payment to the insured or any other person in excess of the highest applicable limit of liability under any one such policy.
 . . . .
 OTHER INSURANCE
 . . . .
 With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the

Uninsured Motorists Coverage shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
 Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Uninsured Motorists Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

 

judgment of the court of appeals is reversed, and the case is remanded for consideration of unresolved issues.